SAVINA DI STEFANO, as Administratrix of the Estate of FRANK DI STEFANO, Deceased, Appellant, v. CLARA DI STEFANO, Respondent.—

No opinion. Present — Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ.

DORA GROSSGOLD, Appellant, v. BROOKLYN JEWISH CENTER, INC., Respondent.—

Plaintiff knew the lamp could burn. She knew it had a regulator to limit the time of exposure to the rays. Without inquiry, save as to how to start the ray, she fixed the time of operation. She kept her eyes open at intervals while the rays were shining. She invited the result of which she complains. Carswell, Johnston, Wenzel and MacCrate, JJ., concur; Nolan, P. J., dissents and votes to reverse the order of the Appellate Term and to affirm the judgment of the Municipal Court, with the following memorandum: It was for the jury to determine, as a question of fact, whether plaintiff acted with the care that a reasonably prudent person would have used under the circumstances. The question was determined by the jury in plaintiff's favor, and that determination should not be disturbed unless the only conclusion which may be reasonably drawn from the evidence is that plaintiff did not exercise such care. On the evidence in this case reasonable minds might differ, and it may not be determined, as a matter of law, that the evidence was insufficient to sustain the jury's verdict. [See post, p. 1087; 280 App. Div. 893.]

FLOMAR ESTATES, INC., Appellant, v. L. J. D. REALTY CORP., Respondent.—

Carswell, Acting P. J., Johnston, Adel, MacCrate and Schmidt, JJ., concur.