Alfred V. Norton, J.
The plaintiff was injured on February 10, 1945 while participating in a game of basketball in a gym *493 nasium operated and controlled by the defendant at Seth Low Junior High School in this county, and this action is brought by the then infant plaintiff for damages sustained by reason of such injuries. His father also joins in this action and seeks a recovery for loss of services and medical expenses.
There is no evidence that there was anything in disrepair or any defective condition of this basketball court. The court was used as a recreation community center. The plaintiff was not a student in this school and the activity in which he was participating at the time of the happening of the accident was not part of a school curriculum. He had permission to engage in basketball games on this court as a member of a team which engaged in basketball tournaments with other clubs. The backboard to which the “ basket ” was attached protruded only two feet from a brick wall in the gymnasium in which there was a door almost directly behind the backboard and basket and two feet therefrom. At the time of the happening of the accident the plaintiff was 19 years of age and had played basketball upon this court many times during a period of three or four years, during which time the basketball court was in the same condition as it was on the night of the accident. On the night in question, while running along the court at considerable speed and going up for a .shot at the basket, his momentum carried him beyond the basket, causing him to hit against the jamb of the open doorway in the wall of the gymnasium two feet in the rear of the backboard and basket, with the result that he suffered the injuries claimed. Plaintiff testified that on other occasions in the past when he was going for this particular basket at this end of the court he landed in the same direction as at the time of the accident; sometimes he would go right through the door without hitting anything. In the course of a game he had come in contact with the wall before. He further testified that he did not have to go to this gymnasium if he did not want to.
It is the contention of the defendant that in the circumstances disclosed by the evidence in this case the plaintiff assumed the risks of danger inherent in the playing of a game of basketball on this court under the conditions existing at the time of the happening of the accident and for some time prior thereto, and that he knew of the conditions existing and also had a knowledge and appreciation of the danger produced by such condition.
“ [Assumption of risk * * * consists in the actual doing of the deed with foresight of the consequences. The essential requisite to invocation of the application of the doctrine of assumption of risk embraces not only a knowledge of the physical defect but includes also an appreciation of the danger pro *494 duced by the physical condition.” (McEvoy v. City of New York, 266 App. Div. 445, 448.) “ [A person] may have known that there was a defect, but it does not follow that he knew the danger. * * * It is not ‘ the obviousness of the physical situation or condition ’ which makes out a defense; it is ‘ the obviousness of the dangers which the physical condition or situation produces ’ ” (Larson v. Nassau Elec. R. R. Co., 223 N. Y. 14, 21).
The plaintiff was no infant. He was a boy 19 years of age, who had played basketball on this court many times prior to the accident. The risk of the court and the door being open and the wall being near the end of the basketball court were risks that were obvious and necessary to the sport as played on this particular court. His prior experience made him aware of the very hazards and dangers of which he now complains. He was not only aware of these dangers but had experienced them before, and he voluntarily assumed them. He accepted them with foresight of the consequences. He not only knew of the existing conditions but had or should have had an appreciation of the danger produced by the physical conditions existing.
In a carefully prepared decision by Justice Bartels in the case of Scala v. City of New York (200 Misc. 475) the doctrine of assumption of risk or volenti non fit injuria is discussed at length and numerous cases covering the subject are analyzed; and this court readily adopts the reasoning and conclusions contained therein as the law applicable to the instant case.
I therefore find as a fact that the plaintiff assumed the risks of engaging in the basketball game herein under the conditions existing which were known to him, and that he had or should have had knowledge and an apprenhension of the danger involved. I direct judgment in favor of the defendant dismissing the complaint.