■ JOSEPHINE QUIST, Respondent, v. BRESSARD DISTRIBUTORS, INC., et al., Appellants.— Judgment for plaintiff unanimously reversed, on the law and the facts, the verdict vacated, and the complaint dismissed, on the law, with $50 costs to defendants-appellants. In this action to recover for personal injuries claimed to have been sustained in the alleged use by defendants of bleach and dye in the treatment of plaintiff's hair, the plaintiff failed to establish that her injuries resulted from any actionable negligence on the part of defendants. On the state of the record, there is no basis for predicating a finding that the injury to plaintiff's hair was due to the application of the dye or, in any event, that the defendants were negligent in failing to utilize a preliminary patch test to ascertain whether the plaintiff's hair was sensitive to the product. While the plaintiff's medical expert, in answer to a hypothetical question, did testify that in his opinion, with reasonable medical certainty, the dye was a competent producing cause of the injury, he further testified that he could not say "as to exactly what produced the damage I saw", whether excessive bleaching or the dye; that "Over-bleaching could cause this type of change * * * I can't say with certainty what caused the damage", the dye or the bleach; that "You cannot patch test the shaft of the hair", and that he did not know what "caused that hair breakage * * * The Quickout [the bleach which was applied twice] or the dye". There was no satisfactory evidence that a patch test would have revealed that the application of the defendants' dye would cause injury to plaintiff's hair. Defendants' expert testified unequivocally that the sensitizing chemical in the dye, if applied to an allergic person, would produce skin irritation but would not affect the nonviable hair, as occurred in plaintiff's case. There was no evidence that the particular dye used by defendants was inherently dangerous or that it contained excessive or unusual portions of the sensitizing chemical. Furthermore, the plaintiff was a trained and experienced beautician and testified that she had been engaged in the beauty parlor business for 16 years. She had been dyeing her hair for eight years, utilizing dyes which contained the same chemical and sensitizer as was contained in the dye used by the defendants. She knew that a patch test was generally advisable before applying these dyes. In fact, she testified that she asked the defendants' operator if a patch test was needed, and the operator replied that it was not inasmuch as plaintiff had been using dyes. Since plaintiff was fully aware of the advisability of a patch test, the defendants cannot be held liable on the basis of a failure to warn plaintiff of such advisability, nor on the theory that defendants failed to exercise due care by not insisting upon the making of such a test. The plaintiff voluntarily accepted the treatment at the hands of defendants' operator with full awareness of the existence of the particular chemical in the dye and of the danger in applying the dye without the preliminary patch test. Where one voluntarily assumes a position of danger arising from the known negligence

of another, he may not recover for injuries resulting from such danger. (See *Townes* v. *Park Motor Sales,* 7 A D 2d 109, 113, affd. 7 N Y 2d 767; *Grossgold* v. *Brooklyn Jewish Center,* 279 App. Div. 1025.) Finally, were it necessary to reach the question, the verdict in favor of the plaintiff was against the weight of the credible evidence on the issues of negligence and contributory negligence, and a new trial on that ground would have been required. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.