■ GARY FORKASH, an Infant, by His Guardian ad Litem, EVELYN FORKASH, et al., Appellants, v. CITY OF NEW YORK, Respondent.— Judgment dismissing complaint for failure to prove a prima facie case, unanimously reversed, on the law, and a new trial ordered, with $50 costs and disbursements to abide the event. The accident which prompted this personal injury action occurred on July 13, 1960 in a Park Department playground during the semi-final game of a softball tournament for The Bronx championship sponsored by the Department and the *New York Daily Mirror*. Gary Forkash and Howard Hersh, the two infant plaintiffs, testified that during the fifth inning, at about 8:30 or 9:00 P.M., when it had grown quite dark, a ball was lined to the outfield, where both were playing. While both were running toward the ball, Forkash tripped on a piece of glass and plunged into Hersh. The testimony of the two players further indicates that the field was strewn over its cement surface with shards of glass

from numerous broken bottles; that prior to the game they told a uniformed Park Department supervisor, who was also acting as umpire, that the field was not in playing condition; that the supervisor had the infield, but not the outfield, cleared with a large broom; and that at the end of the first inning they complained to the supervisor that the outfield was not in playing condition, but were told that the brooms had been put away, and " it was getting dark and just get out there and play." Forkash and Hersh were 18 years old at the time, quite aware of the evident risks. . Yet they were entitled, we think, to go to the jury, notwithstanding the decisions cited by the city (*Lobsenz* v. *Rubenstein*, 258 App. Div. 164, affd. 283 N. Y. 600; *Luftig* v. *Steinhorn*, 21 A D 2d 760; *Hoffman* v. *Silbert*, 24 A D 2d 493; *Spiegel* v. *Jewish Community Center*, 24 A D 2d 926; *Maltz* v. *Board of Educ.*, 32 Misc 2d 492, affd. 282 App. Div. 888). Involved here was not merely a permissive and wholly voluntary use of a field made available for an hour or two of recreation unsupervised and not expected to be supervised. Plaintiffs were engaged in the semi-final game of a programmed competition for the county championship, a tournament promoted by a city department in conjunction with a well-known newspaper and evidently of some importance in the world of juvenile softball. The city furnished the umpire, and the umpire — in baseball proverbially a dominating and inflexible figure — commanded the youths to continue play. Considering their impressionable years, was their obedience reckless, was continuance their free choice, when they knew that disobedience might disturb a sporting event sponsored and planned by the city and already in progress, might perhaps prejudice their team, perhaps harm their own reputations? Questions such as these did not arise in the different circumstances of the cases cited by the city. In our opinion, if the jury credits the testimony, they do arise here. Trial Term based its decision on the incredibility of the testimony given by the plaintiff and his team mate. Our view is that the testimony was not incredible as a matter of law and could possibly be accepted by a jury. Concur — Botein, P. J., Steuer, McNally and Bastow, JJ.