■ Woodrow Davis, Appellant, v State of New York, Respondent.—Weiss, J. Appeal from a judgment of the Court of Claims (Murray, J.), entered December 23, 1985, which dismissed the claim.

Claimant appeals the dismissal of his claim, following trial, to recover damages for personal injuries he sustained on July

18, 1983 while an inmate at Clinton Correctional Facility. Cell doors were opened and closed using a 3- to 4-foot steel operating wheel manually turned by a correction officer. Another wheel called the "indicator wheel" was used to select either specific cell doors or all cell doors to be opened or closed. Testimony showed that a three-step procedure or method was taught to and utilized by correction officers to warn inmates that cell doors were to be opened or closed. The officer first shouts "on the bars". Then a steel pin is removed from the operating wheel which causes the wheel to move suddenly and a loud "clunking noise" reverberates which can be heard throughout the cells. Next, the operating wheel is "rattled" or "flipped" or "jiggled". This "rattles" or "jiggles" the cell doors which further warns an inmate that the cell door is about to move. The three-foot-wide cell door usually takes 4 to 8 seconds to become fully open.

Claimant, in keeplock at the time of his accident, was washing the bars on his cell with a rag and a pail of soapy water. When the door on his cell opened, claimant's left hand and forearm were caught between the door and the bars, inflicting a soft tissue contusion. The Court of Claims concluded that claimant had no reason to rest his hand on the horizontal bar and that he had ample opportunity to withdraw his hand as soon as the door started to open. In addition, the court found that claimant was more interested in listening to conversation than paying attention to the warnings, and took no steps to safeguard himself from injury.

The issue essentially distills to the credibility of witnesses, a decision within the domain of the trial court which should not be disturbed if adequately supported by the record (see, Raynor v State of New York, 98 AD2d 865, 866). Our review of the record discloses ample evidence to support the decision reached by the Court of Claims. Correction officers who testified described the three-step warning method and the officer who opened the doors testified that he specifically recalled shouting "on the bars" before proceeding. It was not unusual for all cell doors to be opened even if some inmates were to remain in their cells. There was no conflict in the correction officers' testimony. However, claimant's description of the accident should be considered unworthy of belief. Finally, the State is not an insurer against any injuries which might occur to inmates (Casella v State of New York, 121 AD2d 495). There must be a demonstration of a lack of reasonable care (Killeen v State of New York, 66 NY2d 850), which claimant has here failed to make in this case.

Judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.