■ JOHN ROSADO, Also Known as JUAN GUTIERREZ, Appellant, v STATE OF NEW YORK, Respondent.—Yesawich, Jr., J. Appeal from a judgment in favor of the State, entered March 10, 1987, upon a decision of the Court of Claims (Benza, J.).

On March 7, 1983, claimant, at that time detained at the State Division for Youth's Chodikee Secure Facility in Ulster County, was engaged in a supervised basketball game, when in the course of a "fast break", making a layup shot, he collided with two other inmates, fell backwards and, landing on his head, fractured his skull, causing permanent blindness

in the right eye. At the moment of collision, claimant's feet were approximately 2 feet above the gymnasium floor. The sound of his head hitting the floor could be heard in an office adjoining the gym.

In his claim against the State for damages suffered as a result of this fall, claimant pursued only one theory of liability at trial: that the State was negligent in failing to lay a hardwood floor that the State had originally planned to install over the existing concrete floor before allowing basketball to be played there. Because claimant was amnesic about the accident as a result of the concussion, the Court of Claims held claimant to the lesser burden of proof set out in *Noseworthy v City of New York* (298 NY 76; *see, Schechter v Klanfer*, 28 NY2d 228, 230-233). At the conclusion of the trial, the court dismissed the claim, finding claimant had not established a duty on the part of the State to use wooden basketball courts, nor had he proven that the difference in floor surfaces was a proximate cause of his injury. Claimant appeals; we affirm.

Claimant contends that because he was 15 years of age at the time, has an IQ score of 71, and was then an inmate in the custody of the Division for Youth, the State should be held to a higher standard of care. However, the duty owed by the State to institutionalized inmates is to provide care commensurate with the ward's capacity to provide for his own safety *(see, Killeen v State of New York,* 66 NY2d 850, 851-852); as has been often said, the State is not an insurer against injury *(Davis v State of New York,* 133 AD2d 982, 983). The record discloses claimant was an experienced, aggressive player who, while he was to be accorded the liberty of exercise *(see,* 9 NYCRR 168.2 [i]) and encouraged to participate in athletic recreation, was not compelled to play basketball. Thus, the measure of the State's duty of care to claimant was such that it was obliged to maintain its property in a reasonably safe condition. Viewing the State's responsibility from that perspective, claimant's proof is clearly deficient for it fails to establish a duty on the part of the State to use wooden flooring instead of concrete.

Although there is testimony about the number of injuries that occurred on the Chodikee ball court, there was no showing that the probability and seriousness of the injuries outweighed the burden of avoiding the risk *(see, Basso v Miller,* 40 NY2d 233, 241). Nor did claimant demonstrate that the State adopted a standard of care that mandated wooden basketball floors. Blueprints for the Chodikee gym that even-

tually envisage a wooden floor do not by themselves establish a safety standard and nothing in the record suggests that the wooden floor was contemplated for safety rather than aesthetic reasons or the like. And the custom and usage evidence offered on behalf of claimant, which indicates indoor basketball courts are typically wooden or synthetic and outdoor courts are typically asphalt or concrete, though relevant, is equivocal at best and in any case is not a compelling test of negligence *(see, Trimarco v Klein,* 56 NY2d 98, 106-107).

Even assuming a breach of duty, claimant has not proved that use of concrete rather than wooden flooring more likely than not was a cause of his injury *(see, Baumfeld v State of New York,* 107 AD2d 927, 928). Indeed, the testimony of claimant's own expert, fairly construed, indicates that claimant's injuries would not have been averted had the flooring been wooden.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.