■ GARY WARECH, Appellant, v TRUSTEES OF COLUMBIA UNIVERSITY, Respondent. [610 NYS2d 480] —Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered March 12, 1993, after a jury verdict which found that defendant Columbia University was negligent but that its negligence was not a proximate cause of plaintiff's injury, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial, without costs.

Plaintiff, playing on the junior varsity basketball team for New York University, was injured while playing in a game held at the Levien Gymnasium at Columbia University. Plaintiff ran at full speed from mid-court while attempting to reach the basket and block the shot of a Columbia player. Plaintiff sustained a fractured wrist and a gash to his forehead when he overran the baseline at the end of the basketball court, striking a door or door frame. The door is contained in one of two sets of six doors, all of which are equipped with panic bars, situated along the wall behind the basket. The distance from the doors to the end boundary line of the court is eleven feet, eight inches.

Plaintiff commenced suit against Columbia University, maintaining that he sustained injury because of the unsafe condition of the gymnasium. Specifically, he alleges that defendant was negligent in failing to provide padding on the doors and on the wall area behind the basket.

At the pre-trial conference, Supreme Court ruled that the trial would be bifurcated. Immediately prior to trial, the court ruled that plaintiff would not be permitted to introduce expert testimony regarding the need for padding in the area behind

the basket and the effect padding might have had in reducing injury to plaintiff.

The threshold issue in this case, as in *Rosario v City of New York* (157 AD2d 467), is whether defendant was required to provide padding over a hard surface in order to prevent or reduce injury. Unless such a duty to plaintiff is established, a prima facie case of negligence is not made out *(Stewart v New York City Hous. Auth.,* 33 AD2d 901; *McGill v 39 Casino St. Corp.,* 16 AD2d 832; *see also, Rosado v State of New York,* 139 AD2d 851, 852). Without the guidance of expert testimony, the jury was left to speculate as to the necessity for padding and its potential for attenuating injury such as that sustained by plaintiff. Such a determination requires consideration of the nature of the game, the premises used and the standards maintained by similar facilities *(Turcotte v Fell,* 68 NY2d 432, 442). The proximity of the unpadded door to the basketball court could represent a present danger to a player in a hotly contested game *(Eddy v Syracuse Univ.,* 78 AD2d 989, 990-991). Without the expert testimony, the jury verdict, which found negligence on defendant's part but no proximate causation for plaintiff's injury, was purely speculative and incongruous. Concur—Sullivan, J. P., Rosenberger, Rubin and Williams, JJ.

Ross, J., concurs in a memorandum as follows: I concur in the result only, and solely on the ground that the jury's verdict was inconsistent.