■ IRA KAZLOW, Appellant, v CITY OF NEW YORK et al., Respondents. [676 NYS2d 229] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated July 3, 1997, which granted the respective motions by the defendants USTA National Tennis Center, Inc., and City of New York, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly suffered injuries when he ran into a wall while playing tennis at an indoor tennis facility operated by the defendant USTA National Tennis Center, Inc. (hereinafter USTA). USTA and the defendant City of New York made respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff assumed the risk of injury. The Supreme Court granted the motions and we affirm.

The risk of running into a wall was "inherently part of the playing and participation of" tennis at a facility such as USTA's (*Morgan v State of New York,* 90 NY2d 471, 488). Therefore, the plaintiff assumed the risks inherent in the activity (*Morgan v State of New York, supra,* at 484; *see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650; *Turcotte v Fell,* 68 NY2d 432). In opposition to the respective motions for summary judgment, the plaintiff attempted to demonstrate that USTA "was required to provide padding over [the wall] in order to prevent or reduce injury" (*Warech v Trustees of Columbia Univ.,* 203 AD2d 53, 54; *see, Rosario v City of New York,* 157 AD2d 467). He did not meet his burden, however, as the affidavit of his expert did not demonstrate that the lack of padding on the wall "failed to meet prevailing industry standards" (*Loewenthal v Catskill Funland,* 237 AD2d 262, 263; *see, Schumacher v Richards Shear Co.,* 59 NY2d 239, 249; *Wessels v Service Mdse.,* 187 AD2d 837). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.