■ MICHAEL GREENBURG, an Infant, by His Guardian ad Litem, RHONDA PAYNE, Respondent, v PEEKSKILL CITY SCHOOL

DISTRICT et al., Appellants. [680 NYS2d 622] —In an action to recover damages for personal injuries, the defendants Peekskill City School District and City of Peekskill appeal, and the defendant Peekskill Police Athletic League, Inc., separately appeals, from an order of the Supreme Court, Westchester County (Donovan, J.), entered August 28, 1997, which denied their respective motion and cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The then-16-year-old plaintiff was injured while playing in a recreational basketball game sponsored by the defendant Peekskill Police Athletic League, Inc., in a gymnasium on premises owned by the defendant Peekskill City School District. The plaintiff, in attempting to block a shot underneath the basket, ran out of bounds and crashed into a brick wall, breaking his ankle. The defendants moved for summary judgment dismissing the complaint on the ground that the conditions of the gymnasium complained of by the plaintiff were open and obvious, and as an experienced player, he assumed the risk of playing under those conditions.

A participant in a sporting activity consents to those risks which are inherent in the sport, including any open and obvious defects in the construction of the playing field, as long as the participant is aware of the risks and appreciates the nature of the risks (*see, Morgan v State of New York,* 90 NY2d 471, 484-485; *Maddox v City of New York,* 66 NY2d 270). However, boards of education and organized athletic councils "must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658).

We conclude that the Supreme Court properly denied the defendants' motions. The plaintiff submitted an expert's opinion that the brick wall behind the basket should have been padded because the out-of-bounds area beyond the endline of the basketball court was less than the recommended minimum safety standard of three feet. This evidence was sufficient to raise a triable issue of fact as to whether the dimensions of the court and the lack of padding created a dangerous condition over and above the usual dangers inherent in the sport (*see, Clark v State of New York,* 245 AD2d 413; *Stackwick v Young Men's Christian Assn.,* 242 AD2d 878; *Warech v Trustees of Columbia Univ.,* 203 AD2d 53; *Stevens v Central School Dist. No.*

*1*, 25 AD2d 871, *affd* 21 NY2d 780; *cf., Kazlow v City of New York,* 253 AD2d 411; *Reynolds v Jefferson Val. Racquet Club,* 238 AD2d 493). Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.