■ RONIT D. SCHLEIN, Appellant, v WHITE PLAINS CITY SCHOOL DISTRICT et al., Respondents. [738 NYS2d 597] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered January 30, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

When the plaintiff was a seven-year-old student in the defendant White Plains City School District, she was injured during a mandatory physical education class conducted by the defendant Jeffrey Miller. She was retrieving an errantly-thrown volleyball and ran into an unpadded cinderblock wall in the gymnasium.

A school is not an insurer of the safety of its students, but rather, "is obligated to exercise such care over students in its charge that a parent of ordinary prudence would exercise under comparable circumstances" (*Jennings v Oceanside Union Free School Dist.*, 279 AD2d 507, 508; *see, Mirand v City of New York*, 84 NY2d 44, 49). The defendants made a prima facie showing of entitlement to summary judgment dismissing the complaint as a matter of law (*see, Shabot v East Ramapo School Dist.*, 269 AD2d 587; *see generally, Mirand v City of New York, supra*). In response, the plaintiff failed to raise a triable issue of fact regarding the care and supervision afforded by the defendants (*see,* CPLR 3212 [b]; *Mirand v City of New York, supra*). Further, the plaintiff also failed to present any expert testimony to show that the School District was obligated to provide padding on the gymnasium wall (*see, Kazlow v City of New York*, 253 AD2d 411; *Warech v Trustees of Columbia Univ.*, 203 AD2d 53, 54). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contention is not properly before this Court, as she did not appeal from the order dated March 31, 2000 (*see,* CPLR 5515). Santucci, J.P., Smith, Crane and Cozier, JJ., concur.