JEROME WILKES, Appellant, v YMCA OF GREATER NEW YORK et al., Respondents. [889 NYS2d 458]—

Defendants made a prima facie showing of entitlement to judgment based on the doctrine of primary assumption of the risk by demonstrating that the risk of colliding with the wall was inherent in the activity, and the condition of the wall was open and obvious (*Ribaudo v La Salle Inst.*, 45 AD3d 556 [2007], *lv denied* 10 NY3d 717 [2008]). Any difference between the wall and the out-of-bounds line was "perfectly obvious" (*McKey v City of New York*, 234 AD2d 114, 115 [1996]). There was no evidence that defendants had notice of any allegedly wet condition on the basketball court (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

The affidavit of the plaintiff's expert, who opined that defendants were negligent for failing to pad the wall behind the basket, given the proximity of the wall to the out-of-bounds line, was insufficient to raise a triable issue of fact, since the expert failed to identify any specific industry standard relied upon in reaching her opinion (*see Musante v Oceanside Union Free School Dist.*, 63 AD3d 806, 808 [2009], *lv denied* 13 NY3d 704 [2009]; *Hotaling v City of New York*, 55 AD3d 396 [2008], *affd* 12 NY3d 862 [2009]; *cf. Greenburg v Peekskill City School Dist.*, 255 AD2d 487 [1998]). Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ.