■ ZACHARY G. et al., Appellants, v YOUNG ISRAEL OF WOODMERE, Respondent. [944 NYS2d 203]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sher, J.), entered November 1, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, while playing kickball in a gymnasium owned by the defendant, a synagogue, allegedly injured his arm when he ran into a set of closed double doors after crossing home plate. The game was part of a weekly youth program run by the defendant, in which the infant plaintiff had previously participated. The infant plaintiff, by his mother, Sheila G., and Sheila G., individually (hereinafter together the plaintiffs), commenced this action. The defendant moved for summary judgment dismissing the complaint based on the doctrine of primary assumption of risk. The Supreme Court granted the motion. The plaintiffs appeal, and we affirm.

The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Cotty v Town of Southampton*, 64 AD3d 251, 253-254 [2009]). Significantly, "[t]his includes those risks associated with the construction of the playing surface and any open and obvious condition on it" (*Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469, 469 [2000]). While a premises owner owes a duty to exercise due care to make the conditions of the playing surface " 'as safe as they appear to be[,] [i]f the risks of the activity are fully comprehended or perfectly obvi-

ous, plaintiff has consented to them and defendant has performed its duty' " (*Morgan v State of New York*, 90 NY2d at 484, quoting *Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Bendig v Bethpage Union Free School Dist.*, 74 AD3d 1263, 1264 [2010]; *Brown v City of New York*, 69 AD3d 893, 893 [2010]).

Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law based on the doctrine of primary assumption of risk by demonstrating that the risk of colliding with the closed double doors was inherent in the activity of indoor kickball, and the condition of the double doors was open and obvious (*see Trevett v City of Little Falls*, 6 NY3d 884 [2006]; *Wilkes v YMCA of Greater N.Y.*, 68 AD3d 542, 543 [2009]; *Ribaudo v La Salle Inst.*, 45 AD3d 556 [2007]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant, inter alia, negligently placed home plate only approximately three feet away from the double doors, failed to appropriately pad the gymnasium walls, or had insufficient staff available to supervise the activity. The expert affidavit submitted by the plaintiffs relied on nonmandatory, non-exclusive guidelines (*see Tavares v City of New York*, 88 AD3d 689, 690 [2011]; *Kazlow v City of New York*, 253 AD2d 411, 411 [1998]). Accordingly, the affidavit was insufficient to defeat the defendant's motion for summary judgment. Moreover, the infant plaintiff's injury occurred over so short a time span that, " 'even the most intense supervision could not have prevented it' " (*Weiner v Jericho Union Free School Dist.*, 89 AD3d 728, 729 [2011], quoting *Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]), and, thus, any alleged lack of supervision was not a proximate cause of his injury.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33115(U).]**