■ KEVIN PEREZ, an Infant, by His Father and Natural Guardian, RICARDO PEREZ, et al., Appellants, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [982 NYS2d 577]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ash, J.), dated June 13, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The 17-year-old plaintiff (hereinafter the injured plaintiff), and his father suing derivatively, commenced this action against the defendants for injuries that the injured plaintiff allegedly sustained while playing basketball in a gymnasium owned by the defendants. The injured plaintiff ran at a fast pace and jumped to block a lay-up. As he did so, his right arm went through and shattered a pane of glass in one of the entrance doors to the gymnasium, which was situated beyond the baseline. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

The doctrine of primary assumption of risk provides that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Cotty v Town of Southampton*, 64 AD3d 251 [2009]). This encompasses risks associated with the construction of the playing field, and any open and obvious conditions on it (*see Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893 [2006]; *O'Connor v Hewlett-Woodmere Union Free Sch. Dist.*, 103 AD3d 862 [2013]). If the risks are known by or perfectly obvious to the participant, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Palladino v Lindenhurst Union Free School Dist.*, 84 AD3d 1194, 1195 [2011]).

Here, based in part on the proximity of the court to the

entrance doors, the defendants established their entitlement to judgment as a matter of law by demonstrating that the injured plaintiff had assumed the obvious and inherent risk of coming into contact with the pane of glass in the entrance door by electing to play basketball on that court (*see Trevett v City of Little Falls*, 6 NY3d 884 [2006]; *Wilkes v YMCA of Greater N.Y.*, 68 AD3d 542 [2009]; *Ribaudo v La Salle Inst.*, 45 AD3d 556 [2007]; *cf. Stevens v Central School Dist. No. 1*, 25 AD2d 871 [1966], *affd* 21 NY2d 780 [1968]). In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit of the plaintiffs' expert that was submitted in opposition to the motion relied on nonmandatory, nonexclusive guidelines with respect to the proximity of the door to the court and the door's lack of padding and, thus, was insufficient to raise a triable issue of fact (*see Charles v City of Yonkers*, 103 AD3d 765 [2013]; *Zachary G. v Young Israel of Woodmere*, 95 AD3d 946, 947 [2012]; *Kazlow v City of New York*, 253 AD2d 411 [1998]; *cf. Greenburg v Peekskill City School Dist.*, 255 AD2d 487 [1998]). Moreover, the incident occurred suddenly, and even the most intense supervision could not have prevented it (*see Zachary G. v Young Israel of Woodmere*, 95 AD3d at 947; *Weiner v Jericho Union Free School Dist.*, 89 AD3d 728 [2011]). Hence, any alleged lack of supervision was not a proximate cause of the injured plaintiff's injuries.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Hall, Austin and Sgroi, JJ., concur.