Franco v 1200 Master Assn., Inc. (2019 NY Slip Op 08394)





Franco v 1200 Master Assn., Inc.


2019 NY Slip Op 08394


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-12161
 (Index No. 32403/15)

[*1]Ryan Franco, appellant, 
v
1200 Master Association, Inc., et al., respondents (and a third-party action).


Stevens & Traub PLLC, New York, NY (Peter P. Traub of counsel), for appellant.
Law Office of Daniel J. McCarey, LLC, New York, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated October 2, 2017. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 7, 2014, the plaintiff allegedly was injured while playing basketball on an outdoor basketball court maintained by the defendants when he was caused to trip and/or slip and fall into a chainlink fence along the end line of the court. The fence was located between the backboard and its supporting post, which post had been installed beyond the end line and outside of the basketball court. The plaintiff commenced this personal injury action against the defendants, claiming, inter alia, that the basketball court was defective, in that the fence was placed too close to the court in contravention of accepted industry standards. The defendants moved for summary judgment dismissing the complaint and argued, among other things, that the action was barred by the doctrine of primary assumption of risk. The Supreme Court granted the defendants' motion, and the plaintiff appeals. We affirm insofar as appealed from.
Under the doctrine of primary assumption of risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Zachary G. v Young Israel of Woodmere, 95 AD3d 946, 946). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Morgan v State of New York, 90 NY2d at 484).
Assumption of risk is not an absolute defense but a measure of the defendant's duty of care (see Turcotte v Fell, 68 NY2d 432, 439). If the risks are known by or perfectly obvious to the player, he or she has consented to them and the defendant has discharged its duty of care by [*2]making the conditions as safe as they appear to be (see id. at 439; Brown v City of New York, 69 AD3d 893, 893).
The defendants made a prima facie showing of entitlement to judgment as a matter of law based upon the doctrine of primary assumption of risk by demonstrating that the proximity of the fence to the court was open and obvious, and thus, the risk of collision with the fence was inherent in playing on that court (see Trevett v City of Little Falls, 6 NY3d 884, 885; Perez v New York City Dept. of Educ., 115 AD3d 921, 922; Ribaudo v La Salle Inst., 45 AD3d 556, 557; Reynolds v Jefferson Val. Racquet Club, 238 AD2d 493, 494; see also Skyes v County of Erie, 94 NY2d 912). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the placement of the fence created a risk beyond those inherent to the sport of basketball, as there was no evidence in the record that the location of the fence violated "prevailing industry standards" relating to basketball courts (Kazlow v City of New York, 253 AD2d 411, 411 [internal quotation marks omitted]; see Perez v New York City Dept. of Educ., 115 AD3d at 922; Ribaudo v La Salle Inst., 45 AD3d at 557; but see Greenburg v Peekskill City School Dist., 255 AD2d 487, 488).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., AUSTIN and MILLER, JJ., concur.
MALTESE, J., votes to reverse the order insofar as appealed from and deny the defendants' motion for summary judgment dismissing the complaint, with the following memorandum:
A participant in a sporting or recreational activity does not automatically assume all the risks of injury while utilizing a sports or recreational facility that is not properly maintained for foreseeable users. The owner of a sports or recreational facility has a duty to maintain those premises in a reasonably safe condition for its foreseeable users. If the owner maintains the premises in a less than optimal condition that is nonetheless used in an ordinary manner by foreseeable users, both the owner and the user may each bear some comparative fault if an injury occurs to a person using the facility.
Under the doctrine of primary assumption of risk, a voluntary participant in a sporting activity "is deemed to have consented to apparent or reasonably foreseeable consequences of engaging in the sport; the landowner need protect the plaintiff only from unassumed, concealed, or unreasonably increased risks, thus to make conditions as safe as they appear to be" (Manoly v City of New York, 29 AD3d 649, 649). "[A] participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Zachary G. v Young Israel of Woodmere, 95 AD3d 946, 946). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Morgan v State of New York, 90 NY2d at 484).
While this Court has held that the doctrine of primary assumption of risk is a defense to personal injury causes of action based upon participation in sporting or recreational activities, it is not an absolute bar to recovery where the property owner may have some liability for the failure to maintain the premises in a reasonably safe condition and fails to warn users of those defects. The threshold question with respect to any premises liability cause of action is whether the owner or possessor of the land (or building) breached the duty to use reasonable care to keep the premises in a reasonably safe condition for the protection of all persons whose presence is reasonably foreseeable (see PJI 2:90).
The Court of Appeals has held that "[w]ith the enactment of the comparative negligence statute . . . assumption of risk is no longer an absolute defense" (Turcotte v Fell, 68 NY2d 432, 438). Instead, the doctrine of assumption of risk "has been described in terms of the scope of [*3]duty owed to a participant" in a sporting or recreational activity (Custodi v Town of Amherst, 20 NY3d at 87). The Pattern Jury Instructions include an explanation of the relationship between assumption of risk and comparative negligence: "The law provides that where the defendant owes a duty of reasonable care to the (plaintiff, decedent), but the (plaintiff, decedent) voluntarily engages in an activity involving a risk of harm and the (plaintiff, decedent) knows and fully understands, or should have known and fully understood, the risk of harm, the plaintiff's damages must be reduced by the extent to which those damages were caused by the (plaintiff's, decedent's) own conduct" (PJI 2:55; see CPLR 1411).
The Court of Appeals has noted that "[w]e have not applied the doctrine [of assumption of risk] outside of this limited context [of facilitating participation in athletic activities] and it is clear that its application must be closely circumscribed if it is not seriously to undermine and displace the principles of comparative causation" (see Trupia v Lake George Cent. School Dist., 14 NY3d 392, 395). A person who chooses to engage in such an athletic activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d at 484; see Custodi v Town of Amherst, 20 NY3d at 88). "[P]articipants are not deemed to have assumed risks resulting from the reckless or intentional conduct of others, or risks that are concealed or unreasonably enhanced" (Custodi v Town of Amherst, 20 NY3d at 88).
Here, my colleagues in the majority have found, as a matter of law, that the plaintiff assumed the risk of falling into the fence and that therefore the order insofar as appealed from should be affirmed. However, I vote to reverse the order insofar as appealed from and deny the defendants' motion for summary judgment because the plaintiff raised a triable issue of fact for a jury to resolve. In opposition to the defendants' motion, the plaintiff submitted the affidavit of an expert who opined that the basketball court was defectively designed because the fence was not installed at a safe distance from the court and was not properly padded. The plaintiff's expert opined that a typical basketball court layout requires a distance of four feet from the backboard to the end line, and a minimum distance of three feet from the end line to any obstructions. By not complying with such minimum standards for basketball courts, the defendants significantly increased the risk of players running into the unprotected fence, which was on the edge of the basketball court rather than a minimum of three feet beyond the basketball court. This evidence was sufficient to raise a triable issue of fact as to whether the placement of the fence less than three feet behind the backboard created a dangerous condition over and above the usual dangers inherent in the sport of basketball (see Greenburg v Peekskill City School Dist., 255 AD2d 487; see also Simone v Doscas, 142 AD3d 494). Therefore, the defendants' motion for summary judgment dismissing the complaint should be denied so that a jury may resolve this issue of fact.
ENTER:
Aprilanne Agostino
Clerk of the Court