Caro v ZogSports, LLC (2021 NY Slip Op 05811)





Caro v ZogSports, LLC


2021 NY Slip Op 05811


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 452136/17 Appeal No. 14501 Case No. 2020-04670 

[*1]Gaspar Caro, et al., Plaintiffs-Appellants,
v
ZogSports, LLC, et al., Defendants-Respondents, The City of New York, Defendant.


Grant Richman PLLC, Stony Point (Howard S. Richman of counsel), for appellants.
Barry McTiernan & Moore LLC, New York (David H. Schultz of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about November 23, 2020, which, inter alia, granted the motion of defendants ZogSports, LLC, ZogSports Holding LLC, ZogSports Athletic Association of New York City, Inc. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff Caro was injured while participating in an adult basketball league game organized by ZogSports in the gymnasium of the Asher Levy School. Caro alleges that as a result of defendants' negligence he crashed into an unpadded wall during the game and sustained injuries.
Defendants made a prima facie showing of entitlement to summary judgment based on the doctrine of primary assumption of risk. Defendants demonstrated that the risk of colliding with the wall behind the basketball backboard was inherent in the activity of playing basketball and the unpadded condition of the wall was open and obvious (see Wilkes v YMCA of Greater N.Y., 68 AD3d 542, 543 [1st Dept 2009]).
The affidavit of plaintiffs' expert, who opined that defendants were negligent for failing to pad the wall behind the basket, given that the wall was allegedly within three feet to the out-of-bounds line, was insufficient to raise a triable issue of fact. Plaintiffs' expert did not inspect the gymnasium or take measurements of the area in question and failed to point to any evidence in the record establishing that the distance between the out-of-bounds line and the concrete wall was three feet or less (see Zvinys v Richfield Inv. Co., 25 AD3d 358, 359-360 [1st Dept 2006], lv denied 7 NY3d 706 [2006]). Furthermore, plaintiffs' expert failed to establish that padding was required by applicable industry standards (see Wilkes at 543; Ribaudo v La Salle Inst., 45 AD3d 556 [2d Dept 2007], lv denied 10 NY3d 717 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021