## (June 18, 1969)

■ ROBIN DUGAN, an Infant by DONALD DUGAN, Her Guardian ad Litem, et al., Appellants, v. JACK DIEBER, Respondent.— In a negligence action to recover damages for personal injuries, medical expenses, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered February 23, 1968 in favor of defendant, upon a jury verdict after trial of the issue of liability only. Judgment reversed, on the law and in the interests of justice, and new trial granted on the issue of liability only, with costs to abide the event. The findings of fact have not been affirmed. In our opinion, the infant plaintiff having been injured while in a roadway in 1959, it was error to admit into evidence a photograph of the street to show parking conditions at the time of the accident, when the photograph depicted the street some years later when private dwellings separated by driveways had been replaced by apartment houses. This picture should not have been received in evidence to show the parking situation, since the trial court thereby foreclosed plaintiffs' attorney from establishing that the automobiles were not as close to each other as indicated in the picture, because of the presence of driveways on the right-hand side at the time of the accident which were not shown in the picture. Defendant's contention was that the child ran between parked cars from the right side of the roadway. If the cars were as close to each other as shown in the picture it would tend to support defendant's contention that he could not have seen the child in time to avoid the accident. On the other hand, if the cars were not as close to each other on the right-hand side of the street as was shown in the exhibit, then this would bear on the question of whether or not defendant should have seen the child much sooner than he did had he been exercising reasonable care. Accordingly, the admission of the photograph was highly prejudicial. The court also erred when it allowed in evidence the statement of Sally Smith, without instructing the jury as to its effect, particularly the lack of probative value. Since Smith said she did not see the accident, defendant had the right to confront her with her statement indicating otherwise. When she was shown her statement, she said it did not refresh her recollection; and on redirect examination by plaintiffs' counsel she still insisted that she did not witness the accident notwithstanding what was contained in her statement. Although the court remarked cursorily, " I am taking it for the purposes of credibility ", that statement would be meaningless to the average juror and, therefore, the court should have instructed the jury as to the effect of the statement, namely, that it was received only for the purpose of impeaching her credibility and that it had no probative value as to the happening of the accident. The trial court charged that the only evidence in the case on speed was that defendant was traveling at about

15 miles per hour and that evidence of " Skid marks in and of itself is no indication of speed of a vehicle." In our opinion this was error. Evidence of skid marks is pertinent and admissible as bearing on the speed at which the automobile was being operated at the time of the accident (*Saladow* v. *Keystone Transp. Co.*, 241 App. Div. 161). There was additional error in the charge, when the trial court stated, " The law requires that she [the 5½-year old infant] use her eyes and guard herself against any approaching vehicles", notwithstanding that this was followed by a statement that the child was required to exercise that degree of care which a reasonably prudent child of her years, experience, intelligence and degree of development would exercise under the same or similar circumstances. The vice in this instruction is that it was confusing in that it stated that the child was required to use her eyes and protect herself against approaching vehicles. Whether or not the child was to protect herself against approaching vehicles would depend upon her ability to appreciate danger and to protect herself against it. This was the issue that the jury was to determine, i.e., whether or not she had the mental capacity to be aware of danger and guard against it. The court further gave the following instructions: " The law does not say where she must cross a street nor where she must look nor how often she must look. All that the law requires is that she look and if she does so and finds that no automobiles are approaching that she proceed across, and, if an automobile should be approaching, then it becomes a question of how far was the automobile away from him or her. Under the law the infant plaintiff has a right to cross the street at any time, any place. The law does not require her to cross at a crosswalk. All the law does require her to do was to exercise reasonable care so as to avoid danger or injury to herself." In this instruction, the court was setting forth the duty that devolves upon an adult or one who is *sui juris* and stressing that the infant plaintiff was required to look and see whether any automobiles were approaching. This instruction must also be deemed confusing because the jury was told first that the child was required to look and then that she had to exercise only that degree of care that a child her age would be expected to exercise. The trial court in its charge also summarized various sections of the New York City Traffic Regulations as follows: " Section 41, right of way in crosswalks, notwithstanding the provisions of sub-sections A and B of this section no pedestrian shall suddenly leave the curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impracticable for the driver to yield. Section 42, entitled restrictions on crosswalks, subdivision A, a pedestrian crossing a roadway other than within a marked or unmarked crosswalk, shall yield the right of way to all vehicles upon the roadway." The trial court then instructed the jury that they must determine whether the 5½-year-old plaintiff had violated these regulations and then determine whether she had the mental capacity to understand the meaning of the regulations and to comply with them. In our opinion this was error. Although an adult is presumed to know the law, we believe as a matter of law that a 5½-year-old child cannot be charged with a knowledge and understanding of these regulations and compliance with them. Hence, it was not merely confusing to the jury, but also prejudicial error to charge the contents of these traffic regulations to the jury and to submit to them an issue whether the child knew and understood the regulations and nevertheless violated them. Even if we are to assume *arguendo* that this was a matter of fact for the jury to decide, the charge was inadequate because it did not explain to the jury the significance of right of way or yielding a right of way as explained by the Third Department in *Chandler* v. *Keene* (5 A D 2d 42, 45). Rabin, Acting P. J., Benjamin, Munder and Martuscello, JJ., concur. Kleinfeld, J., concurs in result.