■ DAWN SCHAFFNER, an Infant, by Her Guardian ad Litem, JOHN SCHAFFNER, et al., Appellants, v. HARRY ROCKMACHER, Respondent.— In a negligence action to recover damages for personal injuries, loss of services, etc., plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered November 13, 1970, in favor of defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact have not been considered. On April 28, 1962, the infant plaintiff, then five years old, was riding her bicycle on Grand Boulevard, in the Town of Islip, when she was struck by an automobile driven by defendant. In view of the infant plaintiff's age at the time of the accident, it was prejudicial error for the trial court to charge the jury that she had a duty to observe certain provisions of the Vehicle and Traffic Law (*Dugan* v. *Dieber,* 32 A D 2d 815). The trial court also erred in excluding from one of plaintiffs' exhibits, a Police Department Traffic Accident Report, a diagram showing the final positions of the automobile, the girl and the bicycle, and the measurements made by the police officer of the distance of the skid marks to the bicycle and the girl. The testimony adduced at the trial, including that offered by defendant, indicated that the infant plaintiff remained in the roadway in the same place where she landed, after being struck, until the police arrived and moved her. We have examined the other points raised by plaintiffs and have found them to be without merit. On the new trial the expert proof as to skid marks should be based upon a proper foundation. Martuscello, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

■ CLARA G. STEIN, Respondent, v. 5 BLUE SEA LANE, INC., et al., Defendants, and INVESTORS COLLATERAL CORP., Appellant.— In a mortgage foreclosure action, defendant Investors Collateral Corp. appeals from an order of the Supreme Court, Westchester County, dated May 19, 1971, which denied its motion for leave to serve a second amended answer. Upon the oral argument of this appeal, both sides stipulated for reversal, for the granting of the motion, for the case to maintain its place on the Trial Calendar and for trial forthwith. Upon the foregoing stipulation, the order is reversed, without costs, and defendant's motion to serve a second amended answer is granted subject to the following conditions: (1) that the second amended answer be served upon respondent within 10 days after service of a copy of the order to be entered hereon, with notice of entry; (2) that the position of the case on the Trial Calendar be preserved; (3) that appellant not engage in any delaying tactics which might result in a postponement of the trial; (4) that the caption of this action be amended so as to include Mr. and Mrs. Joseph Kochansky, assignors of respondent, as parties plaintiff; and (5) that the parties proceed to trial forthwith. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.