■ DAVID AVRAM, an Infant, by His Father and Natural Guardian MARRELL AVRAM, et al., Appellants, v JOSEPH C. HADDAD, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jordan, J.), entered March 13, 1981, which, after a jury trial, was in favor of plaintiffs in the principal amount of $5,400, upon a finding that the infant plaintiff was 70% negligent. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The infant plaintiff suffered a break of his left femur on January 9, 1976, allegedly as the result of the defendant's negligent operation of his motor vehicle. During the trial, the court admitted a police report into evidence, despite the fact that the subscribing officer did not witness the accident, and was unable to indicate the actual source of the information contained in the report. Since the report contained statements which were "relevant to ultimate issues of fact" the report's admission into evidence was prejudicial and constituted reversible error (see *Murray v Donlan,* 77 AD2d 337, 346). Furthermore, the court's failure to charge the jury that any negligence on the part of the infant plaintiff's older brother could not be imputed to the infant plaintiff, constituted reversible error, as it precluded the jury from fairly considering the issues presented (see *Anchor Motor Frgt. v Shapiro,* 56 AD2d 573). Moreover, the court's supplemental charge which held the infant plaintiff accountable for understanding the provisions of the "cross-walk rule" was improper. A five-year-old child may not be charged with the understanding of such a rule (see *Dugan v Dieber,* 32 AD2d 815; *Rubin v O'Donnell,* 37 AD2d 858; *Schaffner v Rockmacher,* 38 AD2d 835). Despite the earlier portions of the charge, which correctly set forth the duties of the infant plaintiff, portions of the charge were obviously conflicting, and the cumulative effect was prejudicial, requiring a new trial (see *Dugan v Dieber, supra*). We have considered plaintiffs' other contentions and find them to be without merit. Weinstein, J. P., Gulotta, O'Connor and Rubin, JJ., concur.