## (April 18, 1983)

1  THEMUS BRANCH et al., Respondents, v PAUL M. STEHR et al., Defendants, and VILLAGE OF HEMPSTEAD, Appellant. — In a negligence action to recover damages for personal injuries, etc., the defendant Village of Hempstead

appeals from an order of the Supreme Court, Nassau County (Velsor, J.), dated April 16, 1982, which, after a trial on the issue of liability only, granted plaintiffs' motion to set aside a jury verdict apportioning fault at 90% on the part of the infant plaintiff, Trevor Branch, and 10% on the part of the appellant, and which directed a new trial. Order affirmed, with costs. We agree with Trial Term's conclusion that the jury's verdict was against the weight of the evidence. This court has stated, on more than one occasion, that a child of tender years is not to be charged with a knowledge and understanding of traffic regulations (see *Schaffner v Rockmacher,* 38 AD2d 835; *Rubin v O'Donnell,* 37 AD2d 858; *Dugan v Dieber,* 32 AD2d 815). The trial court properly instructed the jury of that rule of law. Nevertheless, the jury apportioned 90% of the fault for this accident to the infant plaintiff who, at the time it occurred, was only a few days from his sixth birthday. Moreover, there was a preponderance of proof that the failure of the school crossing guard to stand on the same side of the street as the infant plaintiff, so that she could restrain him from darting across the street before the light changed, was a proximate cause of the accident. Plaintiffs' expert testified that the crossing guard, by positioning herself on the side of the street opposite to that of the infant plaintiff, was unable to restrain him from running into the street. The crossing guard herself, who testified on behalf of the plaintiffs, stated that she always positioned herself on the northeast corner of the intersection, which was on the opposite side of the street from where the infant plaintiff attempted to cross, and never moved. Significantly, the crossing guard stated that she was familiar with the following provisions of the Hempstead Police Department regulations for crossing guards: "School crossing guards are entrusted with the community's most priceless asset, children. It is a grave responsibility because children do things on the spur of the moment, suddenly, surprisingly. Therefore, school crossing guards must be constantly alert and imaginative enough to anticipate the conduct of youth. Their primary purpose is to protect the life and limb of school children". The only witness produced by the appellant village on the issue of the conduct of the school crossing guard was a detective with the Hempstead Police Department whose duties included being in charge of such guards. On direct examination, he testified that school crossing guards are instructed to escort children across the street. On cross-examination, the following questions and answers were recorded: "Q So would it be your opinion, sir, based on this intersection that she should have been on the other side of the street? A No, sir. Q Well, let me ask you this, Officer. Would it have been your opinion that in her exercise of her discretion she might have chosen to go to the other side of the street if she thought it was appropriate? A Yes, sir. Q She could have done that if she wanted to? A Yes, sir. Q She had complete freedom to do that? A Right. Q She wasn't locked to the post you assigned her to? A No, sir. Q And she felt based upon her view of the intersection and view of traffic, she could have gone to the other side to hold children back? She could have done that? A Yes, sir. Q Do you think she should have done that? A For the safety of the children she should have done that, yes. Q She should have done that? A Right." Thus, even the village's witness admitted that the crossing guard should have gone to the side of the street where the children were waiting to cross in order to hold them back. A review of the entire record thus reveals that the evidence could only support a finding that the crossing guard was negligent. The village had assumed the duty of assigning a school crossing guard to the intersection in question. The infant plaintiff's mother acted in the belief that the guard would afford protection to him while going to and from school unescorted by her. It is clear that the jury erroneously concluded that the greater part of fault for the accident should fall upon the infant plaintiff

rather than the guard who failed in her duty to adequately protect him (see *Florence v Goldberg,* 44 NY2d 189). Accordingly, the trial court properly set aside the jury's verdict as against the weight of the evidence and directed that a new trial be held on the issue of liability. Gibbons, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.