■ ALPHONSO DIMINO et al., Appellants, v SALVATORE BURRIESCI, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an interlocutory judgment of the Supreme Court, Queens County (Goldstein, J.), entered August 15, 1985, which, after a jury trial on the issue of liability only, found the infant plaintiff 40% at fault in the happening of the accident and the defendant only 60% at fault in the happening of the accident.

Ordered that the interlocutory judgment is reversed, on the law and as an exercise of discretion, and a new trial is granted, with costs to abide the event.

On June 18, 1981, the infant plaintiff, then 5½ years of age, was struck by the defendant's motor vehicle, sustaining fractures of his jaw bone and left leg.

At trial, the defendant testified that he was proceeding down the street at 15 miles per hour. Cognizant of the presence of children at play, he observed a child, the infant plaintiff, running "[v]ery fast" down the steps of a house, toward the roadway. He applied his brakes, decelerating to a speed of five miles per hour. Then he heard a "bang" on the left side of his car. He stated that during the period immediately after he spotted the infant plaintiff and before the impact, he lost sight of the infant: "I just didn't watch him any more. I just was watching where I was going".

The infant plaintiff was unable to recall where he had been situated immediately prior to the accident, but did remember

having watched a stickball game which was being played in the street in front of his house. A participant in this game, called as a witness on the infant plaintiff's behalf, testified to having observed the infant plaintiff standing in the street prior to the accident, leaning against a parked car.

The trial court instructed the jury that if it were to find that the infant plaintiff's conduct, as measured by the standard of care "which a reasonably prudent child of his years and degree of development will exercise under the circumstances" constituted a violation of a certain provision of the New York City traffic regulations, it could consider this as some evidence of negligence. It further charged that the infant plaintiff was required to "exercise a degree of care that a reasonably prudent person would have exercised under the same circumstances" in crossing a roadway. Finally, the court instructed the jury as to the emergency doctrine (see, PJI 2:14).

This court has stated, on numerous occasions, that, as a matter of law, a child of tender years is not to be charged with a knowledge and understanding of traffic regulations (see, Branch v Stehr, 93 AD2d 849; Avram v Haddad, 88 AD2d 942; Schaffner v Rockmacher, 38 AD2d 835; Dugan v Dieber, 32 AD2d 815). In this instance, where the infant plaintiff was 5½ years old, the court improperly submitted this issue to the jury, and exacerbated the error by charging an objective standard of care, i.e., what a reasonably prudent child of the infant plaintiff's age would exercise, rather than the subjective one correctly employed in evaluating whether a child's conduct constitutes a statutory violation, i.e., what the infant plaintiff is mentally capable of, based on his age, experience, intelligence, and development (see, Poczkalski v Cartwright, 65 AD2d 945; Trippy v Basile, 44 AD2d 759; PJI 2:49).

Furthermore, the court erred in failing to tailor its instructions regarding the infant plaintiff's duties in crossing a roadway to reflect the specific standard of care imposed upon an infant (see, PJI 2:49, 2:75).

We conclude, therefore, that the court's charge was inadequate and confusing and, because of the significance of the contributory fault issue, a new trial is required.

We note that we find no merit to the plaintiffs' contention that the police report was improperly excluded from evidence.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.