■ WASHINGTON J. ARAGON et al., Respondents, v A & L REFRIGERATION CORP. et al., Appellants, et al., Defendant. [618 NYS2d 345] —Judgment, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about April 8, 1994, which, after a jury trial, apportioned 30% of the liability against plaintiff Washington J. Aragon, 70% of the liability jointly and severally against defendants A & L Refrigeration Corp. and Patricia Vicari, and 0% of the liability against defaulting defendant Leon Donat Downs, unanimously reversed, on the law and in the exercise of discretion, and the matter remanded for a new trial on the issue of liability, without costs.

A new trial is warranted in this matter due to both the

defective supplemental jury charge and our determination that the jury's verdict is against the weight of the evidence.

We reach the issue of the defective supplemental jury charge despite the fact that it was not preserved for review, since defendants did not object to the supplemental charge prior to the jury resuming deliberations (CPLR 4110-b; *Goldberg v Wirtosko,* 182 AD2d 350). However, inasmuch as we find the error in the charge to be fundamental and to warrant reversal, we exercise our discretion to review in the interest of justice *(Rodriguez v Cato,* 63 AD2d 922, 923).

The record indicates that the court probably intended the supplemental charge to instruct the jurors, *inter alia,* that they were not required to make specific findings regarding negligence and causation with respect to defaulting defendant Downs, but that they could apportion liability against him if they believed him to be at fault. However, the vague and ambiguous language used apparently confused the jury and left them with the false impression that they could not apportion any liability against him: he was found 50% liable after the initial charge and 0% liable after the supplemental charge. " 'A charge that confuses and creates doubt as to the principle of law to be applied requires a new trial' " *(Lopato v Kinney Rent-A-Car,* 73 AD2d 565, 566, quoting *Biener v City of New York,* 47 AD2d 520, 521).

The record also indicates that the jury's verdict as to Downs was against the weight of the evidence. A new trial is required on this basis as well *(see, Bigelow v Acands, Inc.,* 196 AD2d 436, 438). The testimony clearly indicated that most of the damage in the four-vehicle chain collision was caused by Downs' van, the rear vehicle in the chain, colliding with plaintiff's vehicle and that impact caused the vehicles ahead to collide with each other. Evidence such as the smashed condition of the rear of Aragon's van and the smashed front end of Downs' van with the passenger side windshield cracked by impact with the passenger's head indicated that Downs was either using excessive speed or not maintaining a reasonable distance in what was described by all accounts as slow-moving stop and go traffic *(see, DeAngelis v Kirschner,* 171 AD2d 593, 594; *Schildkraut v Eagle Lines,* 126 AD2d 480, 481, *lv denied* 70 NY2d 605). Although the record allows for other theories of liability, a fair interpretation of it supports the theory that Downs bore significant liability, especially given the absence of evidence explaining or excusing his collision with plaintiff. Concur—Carro, J. P., Wallach, Kupferman, Ross and Williams, JJ.