■ MARK ROBERTS, Respondent, et al., Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [685 NYS2d 23] —Judgment, Supreme Court, New York County (Ira Gammerman, J., and a jury), entered December 23, 1997, in favor of the infant plaintiff and against defendant Housing Authority in the principal amount of $513,297.11, plus interest, costs and disbursements, unanimously affirmed, with costs.

The infant plaintiff suffered burns as a result of the emission of steam, with a temperature of 200 degrees Fahrenheit, from a five-inch diameter fire hose that defendant, in order to discharge excess steam condensate from the hot water system of one of its buildings in the development where plaintiff lived, had run from the basement of the building to the lawn behind the building, adjacent to a small playground on concrete. The lawn was fenced off, but the fence could be easily breached, and it was common knowledge that children regularly played on the lawn. No effort had been made to secure the hose; no warning signs were up; and defendant does not claim that it was not negligent. Instead, defendant argues that the trial court erred in refusing to charge intervening cause, on the basis of evidence showing that the infant plaintiff, six years old at the time of the incident, was pushed into the steam by his friend, a five-year-old boy, and assumption of risk, on the basis of evidence showing that plaintiff climbed over the fence closing off the lawn. We disagree. It was a natural and foreseeable consequence of defendant's failure to effectively secure the lawn against access that young children would play there, and, as a matter of law, roughhousing is not such an "extraordinary" form of play as to break the causal connection between the dangerous condition on the lawn and plaintiff's injuries (*see*, *Kush v City of Buffalo*, 59 NY2d 26, 33; *Holtslander v Whalen & Sons*, 70 NY2d 962, *modfg* 126 AD2d 917, *on mem of Levine, J.*). Also, as a matter of law, the doctrine of assumption of risk, which contemplates the voluntary assumption of fully appreciated, " 'perfectly obvious' " risks (*Morgan v State of New York*, 90 NY2d 471, 484), can have no application to a six-year old under these circumstances. We have considered defendant's other arguments and find them to be unpersuasive. Concur— Ellerin, J. P., Wallach, Tom and Andrias, JJ.