(July 31, 2000)

█ JOSEPH AUWARTER, an Infant, by His Parent and Natural Guardian, JOHN AUWARTER, et al., Respondents-Appellants, v MALVERNE UNION FREE SCHOOL DISTRICT, Appellant-Respondent, and BIG TOYS NORTHEAST, INC., Respondent. [715 NYS2d 852] —In an action to recover damages for personal injuries, etc., the defendant Malverne Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated December 6, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their motion for leave to serve an amended and supplemental complaint, and granted that branch of the cross motion of the defendant Big Toys Northeast, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Malverne Union Free School District, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants payable by the plaintiffs.

The infant plaintiff was injured when he fell while playing on and around "jungle gym" type playground equipment. By engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inher-

ent in and arise out of the nature of the sport generally and which flow from such participation (see, Morgan v State of New York, 90 NY2d 471, 484-486). We find that the infant plaintiff consented to all of the risks which were inherent in and flowed from his playing on the equipment.

Given the plaintiffs' extended delay in moving to amend and supplement the complaint, and the lack of a reasonable excuse for the delay in seeking that relief, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for that relief (see, Volpe v Good Samaritan Hosp., 213 AD2d 398).

The plaintiffs' remaining contention is without merit. Bracken, J. P., Joy, Thompson and Feuerstein, JJ., concur.

Goldstein, J., concurs in part and dissents in part and votes to affirm the order insofar as appealed and cross-appealed from, with the following memorandum: The infant plaintiff, then 11 years old, fell from a chain apparatus which was part of a "jungle gym" in the playground of Downing Elementary School in Malverne, and broke his arm. This action was commenced against the manufacturer of the playground apparatus and the Malverne Union Free School District (hereinafter the School District), the owner of the property where the accident occurred. Both of the defendants moved for summary judgment. The Supreme Court, in the order appealed from, granted the manufacturer summary judgment, but denied summary judgment to the School District. I would affirm.

The Supreme Court properly dismissed the plaintiffs' cause of action against the manufacturer. That cause of action was founded upon conclusory assertions of an expert, refuted by uncontroverted evidence (see, Amatulli v Delhi Constr. Corp., 77 NY2d 525). The denial of the plaintiffs' application for leave to amend and supplement the complaint to assert a cause of action against the manufacturer based upon a design defect was not an improvident exercise of discretion (see, Volpe v Good Samaritan Hosp., 213 AD2d 398).

In denying the School District summary judgment, the Supreme Court noted that the inadequate surfacing material underneath the chain apparatus "created a risk beyond those inherent in the use of such apparatus, that was not ordinarily to be perceived by a youthful user of the facility". The majority would dismiss the complaint insofar as asserted against the School District, finding that, as a matter of law, the 11-year-old infant plaintiff assumed a risk that was inherent in playing on the apparatus. I disagree.

Evidence in the record established that surfacing of eight

inches of sand was recommended by the Consumer Product Safety Commission. The surface under the chain apparatus was between 1 inch and 2.5 inches deep, and therefore did not meet the above standard. In October 1995 the School District was advised that the surfacing then consisted of sand four inches deep, which was inadequate. The School District claimed that the sand was examined weekly for debris, but its depth was never measured. The School District's witness testified at his examination before trial that he did not know whether sand was ever added under the base of the chain apparatus.

Evidence of inadequate surfacing under playground apparatus warrants the denial of summary judgment (*see, Vonungern v Morris Cent. School,* 240 AD2d 926; *Dash v City of New York,* 236 AD2d 579; *Rosario v City of New York,* 157 AD2d 467). Indeed, inadequate surfacing can enhance the risks of playing on such equipment (*see, Greenburgh v Peekskill City School Dist.,* 255 AD2d 487; *Warren v Town of Hempstead,* 246 AD2d 536), precluding the application of the doctrine of assumption of the risk (*see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658).

The School District asserts that the infant plaintiff knew the depth of the sand, and therefore assumed the risk of the dangerous condition. It notes that the infant plaintiff played on the apparatus from kindergarten through fourth grade. Generally, the doctrine should not be applied to young school-aged children (*see, Roberts v New York City Hous. Auth.,* 257 AD2d 550), or even older children in an elementary school playground (*see, Taylor v Massapequa Intl. Little League,* 261 AD2d 396, 397). To assume that an infant in kindergarten through grade four is cognizant of surfacing below playground equipment is fallacious.

There are certain risks which children cannot perceive. For example, a child of tender years cannot be charged with the knowledge and understanding of traffic regulations (*see, Dimino v Burriesci,* 125 AD2d 361). It is unreasonable to assume, as a matter of law, that children will fully appreciate the risks presented by inadequate playground surfacing, even if they are aware of the condition (*see, Roberts v New York City Hous. Auth., supra; Brzostowski v Coca-Cola Bottling Co.,* 16 AD2d 196; *Robbins v Camp Sussex,* 28 Misc 2d 16, *affd* 28 Misc 2d 20). I note that the failure to provide any protective surfacing is an open and obvious condition; nevertheless, the landowner can be held liable for the condition (*see, Rosario v City of New York, supra*).

At the time of the accident, the infant plaintiff was in the

seventh grade. Three years had passed since he attended Downing Elementary School. The infant plaintiff testified at his examination before trial that the sand "always looked the same", but there is no evidence that the depth was in fact the same. The infant plaintiff further testified that, although he played on the equipment for 10 minutes before he fell, he did not know how much sand was present until "my arm hit it [and] it just went right through the sand and hit solid ground". Thus, it appears that the infant plaintiff was not aware of the dangerous condition, which was neither open nor obvious (*see, Morgan v State of New York,* 90 NY2d 471, 485; *Swan v City of New York,* 272 AD2d 394; *Greenburgh v Peekskill City School Dist., supra*; *Warren v Town of Hempstead, supra*).

Accordingly, I would affirm the order insofar as appealed and cross-appealed from.