◼ Jason McCarthy et al., Respondents, v New York Kitchen & Bathroom Corp., Appellant. (And a Third-Party Action.) [58 NYS3d 324]—

Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered June 16, 2016, after a jury trial, awarding plaintiffs the total amount of $1,355,810.08, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial. Appeal from order, same court and Justice, entered on or about February 22, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

On May 6, 2010, plaintiffs entered into a contract with defendant New York Kitchen & Bathroom Corp. (NYKB) to renovate their Manhattan apartment. The contract set forth an estimated date for "[s]ubstantial completion" of October 30, 2010, subject to various conditions, and expressly stated that the estimated completion date was not a "definite date which is of the essence." Third-party defendant Frank Catanzarite signed the contract as NYKB's chief operating officer, as did Perry Hiiman, the president of NYKB. Between May 6, 2010 and December 20, 2010, plaintiffs entered into additional contracts and amendments to the initial contract that expanded the original scope of renovation work. Three of these agreements were with NYKB, signed by Catanzarite and Hiiman, and five of the agreements were with "Frank Catanzarite Construction Co." (FCC) and signed only by Catanzarite, with no mention of NYKB. For the NYKB contracts, plaintiffs wrote checks made payable to "New York Kitchen and Bathroom," while the checks for the FCC contracts were made payable directly to Catanzarite.

By June 2011, approximately one year after the initial contract was executed, plaintiffs terminated their relationship with both NYKB and FCC, citing unreasonable delays on the project, and brought several claims against NYKB under all nine agreements, of which only plaintiffs' cause of action for breach of contract survived NYKB's motion to dismiss. A trial was held, and, at the close of testimony, prior to jury deliberations, the court determined that NYKB had not "substantial[ly] perform[ed]" under the NYKB contracts, and, thus, the issue would not be submitted to the jury. Instead, the jury deliberated over only two questions presented on a verdict sheet before entering a verdict in favor of plaintiffs: (1) whether Catanzarite was an officer of NYKB, and (2) if so, whether Catanzarite, as an officer, bound NYKB to agreements he made with plaintiffs.

By directing verdict on the issue of breach of contract, the court committed reversible error. "A verdict may be directed only if the court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Noor v City of New York*, 130 AD3d 536, 539 [1st Dept 2015] [internal quotation marks omitted], *lv dismissed* 27 NY3d 975 [2016]). Such was not the case here. Questions of fact, which should have been presented to the jury, existed as to whether plaintiffs prevented NYKB from performing under the contracts. These open issues, among others, would also affect the calculation of damages. Hiiman testified about numerous delays outside of NYKB's control,

including a delay in getting the necessary work permit to begin construction, and submitted evidence that plaintiffs were still requesting additional work less than two weeks before termination of the contract.

In addition, the verdict sheet submitted to the jury obfuscated one of the critical issues in this case, which was the extent of NYKB's liability for the FCC contracts plaintiffs entered into with Catanzarite. The verdict sheet confused the applicable law by failing to distinguish between Catanzarite's authority to bind NYKB to NYKB contracts, and his authority to bind NYKB to FCC contracts. Among other things, there were factual issues for the jury to decide whether Catazanite had apparent authority to bind NYKB to FCC contracts. Accordingly, reversal on this ground is also warranted (*see Aragon v A & L Refrig. Corp.*, 209 AD2d 268, 269 [1st Dept 1994]).

Given the foregoing determination, we have no need to address the parties' remaining arguments. Concur—Sweeny, J.P., Mazzarelli, Andrias, Moskowitz and Gische, JJ.