K.A. v City of New York (2019 NY Slip Op 00861)





K.A. v City of New York


2019 NY Slip Op 00861


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-10146
 (Index No. 5971/12)

[*1]K.A., etc., et al., appellants, 
v
City of New York, et al., respondents, et al., defendant.


Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Jeremy W. Shweder and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 10, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York, New York City Department of Education, and Board of Education of the City of New York which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 21, 2011, the infant plaintiff, a sixth-grade student leaving school at the end of the school day, was struck by an automobile as she attempted to cross 7th Avenue between 18th and 19th Streets in Brooklyn. At the location of the accident, 7th Avenue is a two-way street with one lane in each direction. The infant plaintiff, by her mother, and her mother suing derivatively, commenced this personal injury action against, among others, the defendants City of New York, New York City Department of Education, and Board of Education of the City of New York (hereinafter collectively the City defendants). After discovery, the City defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.
In support of their motion, the City defendants submitted, inter alia, the deposition transcript of the infant plaintiff, who testified that on the date of the occurrence, she tried to cross 7th Avenue at 18th Street where there was no crosswalk. However, a crossing guard told her, "You can't cross here, you have to cross over there," and pointed in the direction of the crosswalk on 19th Street. The infant plaintiff further testified that she proceeded to the middle of the block between 18th and 19th Streets, where there was no intersection, crosswalk, or crossing guard, and then began to quickly cross 7th Avenue. Before entering the street, the infant plaintiff looked to her left and observed a line of stopped cars in that direction. She walked past those cars when she crossed to the yellow line at the center of the road. After stopping in the middle of the street, the infant plaintiff, still looking left but never looking to her right, resumed crossing the street and was struck by a vehicle approaching from the right. The City defendants also submitted the deposition transcript of a New York City Police Department school safety officer, who testified that she was in the vicinity of the accident and observed the infant plaintiff "running" and "dart[ing]" into the roadway just [*2]before being struck by a vehicle.
Under the circumstances of this case, a special duty existed between the City defendants' crossing guard and the infant plaintiff (see Cuffy v City of New York, 69 NY2d 255; Lopez v Beltre, 59 AD3d 683; Branch v Stehr, 93 AD2d 849). Nevertheless, given that the crossing guard, inter alia, told the infant plaintiff to not cross 7th Avenue at an unsafe location and pointed the infant plaintiff to the crosswalk at 19th Street, the City defendants established, prima facie, that its employees did not breach their duty to the infant plaintiff. Moreover, the City defendants, while under a duty to adequately supervise the students in their charge, are not insurers of their safety (see Mirand v City of New York, 84 NY2d 44, 49; Maldari v Mount Pleasant Cent. Sch. Dist., 131 AD3d 1019). The evidence submitted by the City defendants established, prima facie, that the infant plaintiff crossed 7th Avenue in the middle of the block where there was no intersection or crosswalk, and no traffic device affording her a right-of-way. Additionally, the infant plaintiff admitted that she attempted to cross the road "fast," and that she did not look for oncoming traffic. Where an accident occurs so quickly that even the most intense supervision could not have prevented it, any lack of supervision is not a proximate cause of the injury (see Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831, 832; Santos v City of New York, 138 AD3d 968, 969; Troiani v White Plains City School Dist., 64 AD3d 701).
In opposition to the City defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The affidavit of the plaintiffs' school safety expert was conclusory in some respects and speculative in others (see Gerendash v City of New York, 163 AD3d 633, 635), and the plaintiffs failed to proffer any other evidence in opposition to the City defendants' motion.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court