J.R. v City of New York (2019 NY Slip Op 02367)





J.R. v City of New York


2019 NY Slip Op 02367


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-04456
 (Index No. 30614/09)

[*1]J.R., etc., et al., respondents, 
v
City of New York, defendant, New York City Housing Authority, appellant.


Lester Schwab Katz & Dwyer, LLP (Steven B. Prystowsky of counsel), for appellant.
Popkin & Popkin, LLP, New York, NY (Eric F. Popkin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated March 23, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The then 11-year-old infant plaintiff allegedly was injured when she fell from playground equipment located outside a building owned by the defendant New York City Housing Authority (hereinafter NYCHA) and landed on the asphalt surface below. The infant plaintiff, by her mother and natural guardian, and her mother suing derivatively, commenced this action against NYCHA and the defendant City of New York, alleging that the defendants failed to maintain the playground in a reasonably safe condition due to the use of an asphalt surface below the playground equipment. NYCHA moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was not foreseeable that children would climb on the "play house" equipment and, therefore, the asphalt surface was not inherently dangerous, the asphalt surface was not a proximate cause of the infant plaintiff's injuries, and the infant plaintiff had assumed the risk of falling from the equipment to the asphalt. The Supreme Court denied NYCHA's motion, and NYCHA appeals.
A landowner is under a duty to maintain its premises in a reasonably safe condition "in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [internal quotation marks omitted]; see Rhabb v New York City Hous. Auth., 41 NY2d 200, 202). "To be entitled to summary judgment in a premises liability case, the defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises" (Taub v JMDH Real Estate of Garden City Warehouse, LLC, 150 AD3d 1301, 1302). Foreseeability includes what the defendant actually knew, as well as what it reasonably should have known (see Sanchez v State of New York, 99 NY2d 247, 255; Ruiz v Griffin, 71 AD3d 1112, 1114-1115), and is generally an issue of fact for the factfinder (see Lynch v Bay Ridge Obstetrical & [*2]Gynecological Assoc., 72 NY2d 632, 636; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315).
Here, NYCHA failed to meet its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law. In support of its motion, NYCHA submitted, inter alia, an affidavit from its expert, who opined that the equipment was not intended for climbing and therefore no protective surfacing was necessary under the applicable standards. NYCHA also offered evidence that there were no prior accidents involving the equipment. Additionally, NYCHA also submitted the transcripts from the depositions and from the General Municipal Law § 50-h hearings at which the infant plaintiff and her mother testified that the infant plaintiff and other children often climbed on the equipment over the course of four years. Further, the infant plaintiff's mother testified at her deposition that she had complained to the groundskeeper that the placement of mats was necessary. This testimony revealed triable issues of fact as to whether it was foreseeable that the infant plaintiff would climb on the subject playground equipment and whether protective surfacing was therefore reasonably necessary (see Smith v New York City Hous. Auth., 52 AD3d 808, 809; see generally Peralta v Henriquez, 100 NY2d 139, 144). Further, NYCHA failed to establish, prima facie, that the use of an asphalt surface was not a proximate cause of the infant plaintiff's injuries or that the infant plaintiff's act of climbing on the equipment was so reckless and unforeseeable as to break the causal connection between the allegedly dangerous condition and her injuries (see Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1319; Roberts v New York City Hous. Auth., 257 AD2d 550, 550; Rosario v City of New York, 157 AD2d 467, 470-471).
NYCHA also failed to meet its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law based on the doctrine of primary assumption of risk. Under that doctrine, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Zachary G. v Young Israel of Woodmere, 95 AD3d 946, 946). Assumption of risk is not an absolute defense but a measure of the defendant's duty of care (see Turcotte v Fell, 68 NY2d 432, 439). If the risks are known by or perfectly obvious to the player, he or she has consented to them and the defendant has discharged its duty of care by making the conditions as safe as they appear to be (see id. at 439; Brown v City of New York, 69 AD3d 893, 893). "[T]he doctrine requires not only knowledge of the injury-causing defect but also appreciation of the resultant risk," which is assessed against the background of the skill and experience of the particular plaintiff (Maddox v City of New York, 66 NY2d 270, 278; see Morgan v State of New York, 90 NY2d at 486; Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 854). Here, although the infant plaintiff climbed on the subject playground equipment often over four years, NYCHA failed to establish, prima facie, that she was aware of and fully appreciated the risks involved with falling from the playground equipment onto an asphalt surface, rather than onto an impact-resistant surface (see Douglas v John Hus Moravian Church of Brooklyn, Inc., 8 AD3d 327, 329; cf. Auwarter v Malverne Union Free School Dist., 274 AD2d 528, 529).
Accordingly, we agree with the Supreme Court's determination to deny NYCHA's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court