Picken v RN Realty LLC (2022 NY Slip Op 01749)





Picken v RN Realty LLC


2022 NY Slip Op 01749


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 653313/14 Appeal No. 15518-15518A Case No. 2021-00910, 2021-00913 

[*1]Alexander Picken et al., Plaintiffs-Respondents-Appellants,
v
RN Realty LLC, Defendant-Appellant-Respondent.


Bauman Law Group, P.C., Bronxville (Timothy C. Bauman of counsel), for appellant-respondent.
McCalla Raymer Leibert Pierce, LLC, New York (Daniel S. LoPresti of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about October 15, 2020, to the extent it denied in part defendant's motion for summary judgment dismissing plaintiffs' claim for breach of an implied brokerage agreement, unanimously affirmed, with costs, and appeal therefrom to the extent it declined to search the record and grant summary judgment to plaintiffs, unanimously dismissed as unappealable as of right under CPLR 5701(a)(2).
The motion court correctly concluded that a trial is necessary to determine the question of whether defendant seller thwarted the natural progress of negotiations with plaintiff brokers in order to avoid paying plaintiffs a brokerage commission. Although defendant established prima facie that there had been no meeting of the minds with plaintiffs' prospective purchaser, the record reflects extensive work performed by plaintiffs, in addition to defendant's counsel's statement that "we're going to have a deal," which raises a question of fact as to whether the transaction was "plainly and evidently approaching success" (Rosenhaus Real Estate, LLC v S.A.C. Capital Mgt., Inc., 121 AD3d 409, 410 [1st Dept 2014] [internal quotation marks omitted]). In such circumstances, the trier of fact must determine whether defendant thwarted the transaction's natural progress in order to avoid paying plaintiffs their commission by shopping the same deal to another party (see Prime City Real Estate Co. v Hardy, 256 AD2d 80, 81 [1st Dept 1998]).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022