Picken v RN Realty LLC (2025 NY Slip Op 02888)

Picken v RN Realty LLC

2025 NY Slip Op 02888

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 653313/14|Appeal No. 4357|Case No. 2024-00607|

[*1]Alexander Picken, et al., Plaintiffs-Respondents,
v
RN Realty LLC, Defendant-Appellant.

The Berkman Law Office, LLC, Brooklyn (Robert J. Tolchin of counsel), for appellant.
Moses & Singer LLP, New York (Daniel A. Hoffman of counsel), for respondents.

Judgment, Supreme Court, New York County (Andrea Masley, J.), entered on or about November 22, 2023, upon a jury verdict in favor of plaintiffs awarding them the total amount of $2,127,840.44, unanimously reversed, on the law and in the exercise of discretion, without costs, the judgment vacated, and the case remanded for a new trial.
This long-running litigation arises from a dispute as to whether plaintiff, a licensed real estate broker, is entitled to a brokerage commission fee from the seller even though the parties did not have a formal brokerage agreement in place and the seller ultimately consummated a deal with a party not affiliated with the broker. On a prior appeal, this Court held that "a trial is necessary to determine the question of whether defendant seller thwarted the natural progress of negotiations with plaintiff brokers in order to avoid paying plaintiffs a brokerage commission" and that there was a "question of fact as to whether the transaction was plainly and evidently approaching success" (Picken v RN Realty LLC, 203 AD3d 521, 521 [1st Dept 2022] [internal quotation marks omitted]).
A broker is entitled to a commission under a theory of implied brokerage agreement where it shows it procured a ready, willing and able buyer for a transaction that was approaching success but was thwarted or frustrated by a seller who backed out to avoid the payment of the commission and not for a good faith reason such as a fair view of its own interests (see Goodman v Marcol, Inc., 261 NY 188, 191 [1933]; Sibbald v Bethlehem Iron Co., 83 NY 378, 382-385 [1881]; Aegis Prop. Servs. Corp. v Hotel Empire Corp., 106 AD2d 66, 72 [1st Dept 1985]). To prove entitlement to a brokerage commission, the broker must show that the transaction was approaching success, and the broker's client frustrated the proposed deal to avoid paying the broker a commission. During the trial, Supreme Court committed a fundamental error by charging the jury to determine whether the prospective transaction between the procured buyer and defendant seller was plainly and evidently approaching success and defendant thwarted or frustrated the natural progress of the transaction, without also charging the jury to determine whether defendant thwarted the transaction in order to avoid paying plaintiff the brokerage commission. This error resulted in the jury being prevented from fairly considering the issues at trial.
Defendant acknowledges that it did not object during trial to how this issue was framed for the jury. However, because we find the error to be so fundamental as to warrant reversal, we exercise our discretion to review in the interest of justice (see Clark v Interlaken Owners, 2 AD3d 338, 340 [1st Dept 2003]; Aragon v A&L Refrig. Corp., 209 AD2d 268, 269 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025